**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**WAYDE EARL STEWART**                                                                     **PETITIONER**
**ADC #65252**

**VS.**                              **NO. 5:16-CV-64-DPM-BD**

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**                                    **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.**   **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to Judge D.P. Marshall Jr.  Any party may file written objections with the Clerk of Court within fourteen (14) days of filing this Recommendation.  Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be waived.  And, if no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.

## II. Background

Petitioner Wayde Earl Stewart is serving a 118-year sentence in the Arkansas Department of Correction ("ADC") for his 1974 first-degree murder conviction.[1] In this habeas corpus petition, he claims that inadmissible evidence was used in his 1974 trial. (Docket entry #1)

On October 28, 1991, District Judge Henry Woods dismissed Mr. Stewart's previous petition for writ of habeas corpus challenging the same 1974 conviction and sentence. See *Stewart v. Lockhart*, Case No. 5:91CV00060-HW (E.D. Ark. filed Feb. 11, 1991). There is nothing in the record to indicate that he sought or received authorization from the Eighth Circuit Court of Appeals to file this petition.

## III. Discussion

The law is clear. Before filing a second or successive federal habeas corpus petition, a petitioner must receive an order from the appropriate court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Authorization is required even where the petitioner claims actual innocence. 28 U.S.C.

---

[1] In 2008, Mr. Stewart was convicted for theft of property and felon in possession of a firearm. In 2012, he was convicted for forgery and second degree battery. In 2014, Mr. Stewart was convicted for criminal mischief and drug possession. In 2015, he was convicted for robbery and theft of property. Mr. Steward contends, however, that he is challenging his 1974 conviction and he is in custody for the conviction due to parole revocations. (#6)

§ 2244(b)(2)(B)(i)-(ii). Without an order from the court of appeals authorizing the filing of a second petition, the district court lacks jurisdiction to hear the petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007). Summary dismissal– prior to the respondent's filing answer or other pleading – is appropriate where the petition itself and court records show that the petition is a second or successive petition filed without authorization from the court of appeals. Rule 4, Rules Governing Habeas Corpus Cases; *Blackmon v. Armontrout*, 61 Fed.Appx. 985, 985 (8th Cir. 2003).

The petition here is clearly "successive" because Mr. Stewart's previous petition challenged the same state conviction he challenges here. There is nothing in the record to indicate that Mr. Stewart sought or received authorization from the court of appeals to file the pending petition. Even though Mr. Stewart makes fairly compelling claims, this Court lacks the jurisdiction to address the merits of those claims. 28 U.S.C. § 2244(b)(1)-(3)(A).

## IV. Conclusion

This Court lacks jurisdiction to rehear a challenge to Mr. Stewart's 1974 murder conviction. He has already challenged this conviction and sentence in a previous federal habeas petition. Thus, he must have permission from the court of appeals before this Court would have jurisdiction to consider a second habeas petition.[2]

---

[2] The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. § 2244(b)(2).

The Court recommends, therefore, that Judge Marshall DENY and DISMISS Wayde Earl Stewart's successive petition for writ of habeas corpus, without prejudice. The Court further recommends that Judge Marshall deny a certificate of appealability.

DATED this 16th day of May, 2016.

_____
UNITED STATES MAGISTRATE JUDGE